# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **KATHLEEN MALONE**, <br> Plaintiff, <br> v. <br> **FUREVER BULLY LOVE RESCUE, INC, TANISHA BRANCHICK, DEBORAH DARINO, and JENNIFER ADORNO** <br> Defendants. | Case No. 21-cv-211 <br><br> **COMPLAINT FOR TEMPORARY RESTRAINING ORDER WITH EQUITABLE RELIEF AND PRELIMINARY INJUNCTION** |

## PRELIMINARY STATEMENT

1. Plaintiff brings this action to halt Defendant's unfair prosecution and harassment on the internet regarding the adopted dog, named Nala, from Defendant, on Aug. 5, 2021, which later went missing This is Our client adopted a dog, named Nala, from Furever Bully Love Rescue (hereinafter FBLR) on Aug. 5, 2021. Our client met a volunteer (who had no connection to FBLR) in Perry, Florida to pick Nala up. Our client then drove the dog to her home. The next day, while our client was gone, Nala got out the front door and is still, as far as my client is aware, missing.

After being notified that the dog had escaped, FBLR posted on Facebook statements claiming that our client stole Nala, then changed it to our client and her husband killed her (specifically beat, then shot her). FBLR then accused our clients of dismembering Nala's body and disposing of her parts around their property. There was a criminal investigation done, where no evidence had suggested that any of this alleged conduct was accurate. The remains found on our client's property were too decomposed to even tell what kind of animal it was, and our client's husband is a dedicated hunter. Our client's husband hunts deer when hunting season is open, and he regularly disposes of the deer carcasses in the woods on their property.

The bones that were found were deer bones. Despite having no evidence to the contrary, FBLR continues to post that the remains found were Nalas, and that the police were wrong. FBLR

now has over 51,000 followers who continually harass our client regarding this incident. We can only imagine how many times it's been shared through social media. Our client was forced to leave her house to protect her children from those who were threatening their lives. Our clients have had countless individuals threaten to hurt them and their family. The threats they receive are so gruesome they cannot be repeated. *See* **Exhibit A.**

After weeks of hiding from these people, our clients returned to their home. My client's husband had to leave his place of employment to stay home in case one of the people making the threats decided to follow through with their promise. Our client has been forced to drop college classes because her babysitter said she couldn't watch her daughter anymore. A lot of people in my client's small county of only 27,000 have seen these lies spread by FBLR, including lots of teachers at the school where her children attend. Our clients have only lived in this community for five years and their reputation there is ruined. My client's husband's boss no longer needs him when he decides to go back to work, and our client doesn't see herself getting many clients as an account labelled "dog murderer". Our client's kids are starting to hear other kids talking about them in little comments going around the school. FBLR has plastered our client's face all over social media, even when the criminal investigation cleared them of any wrongdoing.

A cease-and-desist letter was sent to Defendant Furever Bully Love Rescue, Inc. on September 16, 2021, demanding an immediate retraction of all false publication on Facebook and other social media sites. *See* **Exhibit B**. There was no response to the cease-to-desist letter.

**JURISDICTION AND VENUE**

2. Jurisdiction over the federal claims is conferred on this Court by 28 U.S.C. § 1331 and 28 U.S.C. § 2261(a). Venue is proper under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Kathleen Malone ("Ms. Malone" or "Plaintiff") is a natural person who is a citizen and domiciliary of the State of Florida.

4. Defendant Furever Love Bullies Rescue, Inc., ("FLBR") is a not-for-profit corporation formed under the laws of the State of Florida, having its principal place of business in the State of Florida.

5. Defendant Tanisha Branchick ("Ms. Branchick") is a natural person who is a citizen and domiciliary of the State of Florida.

6. Defendant Deborah F. Darino ("Ms. Darino" is a natural person who is a citizen and domiciliary of the State of Florida.

7. Defendant Jennifer Adorno ("Ms. Adorno") is a natural person who is a citizen and domiciliary of the State of Florida.

## FACTS

8. Plaintiff brings this action to halt Defendant's unfair prosecution and harassment on the internet regarding the adopted dog, named Nala, from Defendant, on Aug. 5, 2021, which later went missing. The fact is that Defendant posted on Facebook statements claiming that Plaintiff stole Nala, then changed it to Plaintiff and her husband killed the dog (specifically beat, then shot her). Defendant then accused Plaintiff and her husband of dismembering Nala's body and disposing of her parts around their property. It is necessary to notice, that there was a criminal investigation done, where no evidence had suggested that any of this alleged conduct was accurate. The remains found on Plaintiff's property were too decomposed to even tell what kind of animal it was, and Plaintiff's husband is a dedicated hunter. Plaintiff's husband hunts deer when hunting season is open, and he regularly disposes of the deer carcasses in the woods on their property. The bones that were found were deer bones. Despite having no evidence to the contrary,

Defendant continues to post that the remains found were Nalas, and that the police were wrong. Defendant now has over 51,000 followers who continually harass Plaintiff and her family regarding this incident. Defendant created a fundraiser to raise money using Nala's case, selling products and merchandise with Nala's picture or other related content, tarnishing Plaintiff's and her family's reputation even further. Moreover, there has been threats on Plaintiff life and her family and a continuous harassment in the community, which lead to tarnish Plaintiff reputation and her family, as well as deep emotional distress and trauma.

9. As a result of the foregoing, Defendant is engaging in ongoing violation of <u>Jews For Jesus, Inc. v. Rapp</u>, 997 So. 2d 1098, 1109 (Fla. 2008). In Florida, a defamatory statement is one that tends to harm the reputation of another by lowering him or her in the estimation of the community or, more broadly stated, one that exposes a plaintiff to hatred, ridicule, or contempt or injures his business or reputation or occupation.

## CLAIM FOR RELIEF

10. Plaintiff therefore seeks:

    a. Temporarily restraining and enjoining Defendant and any person otherwise helping Defendant from harassing Plaintiff and Plaintiff's family whether on her house or any other environment where Plaintiff and her family are.

    b. Requiring Defendant and any person otherwise helping or harassing Plaintiff and her family in connection to the missing dog to restrain from malicious statements.

    c. Requiring Defendant and any person otherwise helping Defendant to eliminate all the malicious posts on the internet. Although, the order restricts Defendant's otherwise protected speech. Such limitations on protected speech may be justified if the purpose that is intended to be accomplished is a compelling state interest and does so by the least restrictive

means. See Animal Rights Found. of Fla., Inc. v. Siegel, 867 So.2d 451, 457 (Fla. 5th DCA 2004) (reversing injunction which resulted in a prior restraint of constitutionally protected freedom of expression and noting that "[u]nder strict scrutiny, . . . a court must review the [regulation] to ensure that it furthers a compelling state interest through the least intrusive means" (second alteration in the original) (internal quotation marks omitted)). Thus, even though the order is one to restraint, **it is clear from the Defendant's conduct and the community, the necessity to prevent Defendant from engaging in such speech**. See id. at 454–55 (applying the applicable standards that must be proven in granting a temporary injunction prohibiting picketing and speech).

      d.     Requiring Defendant and any person otherwise helping Defendant to remove all the malicious posts on the billboards.

      e.     Requiring Defendant and any person otherwise helping Defendant to eliminate the fundraiser and to remove any product, content or otherwise merchandise related to Nala.

      f.     Requiring Defendant to make a public statement retracting all the malicious statements done in connection with Nala's case.

      g.     Requiring Defendant to show cause why this Court should NOT issue a preliminary injunction extending such temporary relief pending an adjudication on the merits; and

      h.     Providing for other equitable relief that the Court might see fit to repair the damage done to Plaintiff and her family.

    11.    Pursuant to Fed. R. Civ. P. 65(b) and Local Civil Rule 65.l(a)(l), Plaintiff has provided actual notice to Defendant as of the time of making this application and has provided

copies of all pleadings and papers filed in this action to date. A certificate of counsel pursuant to Local Civil Rule 65.1(a)(l) accompanies this motion.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a preliminary and permanent injunction against the Defendants and all those acting in concert prohibiting enforcement of the laws, as applied, at issue in this action;

B. Award to Plaintiffs reasonable costs, expenses and attorney fees; and

C. Award such other and further relief as this Court shall deem just and reasonable.

Respectfully submitted,

 /s/ John M. Pierce
John M. Pierce
John Pierce Law
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 279-7648
jpierce@johnpiercelaw.com

Date: December 22, 2021