*EXHIBIT B*



SENT VIA US MAIL CERTIFIED MAIL
Furever Bully Love Rescue, Inc.
5673 Cypress Creek Drive
Grant, FL 32949

**RE: Retraction of Defamatory Publication**

To whom it may concern,

Please be advised that our firm has been retained by **Kathleen Malone** (client) regarding defamatory remarks made on social media about a dog she adopted from your shelter.

It is the policy of this office, in almost every case, to submit a settlement demand letter to the appropriate party. We do so here to afford you an opportunity to settle our client's claims early in the litigation process. Your failure to do so and abide by the settlement terms contained herein may increase your exposure. You may also be liable for additional costs, expenses, and attorney's fees. As a result, all future communication pertaining to this matter should be directed to this law firm. We ask that you refrain from communicating with our client directly.

## FACTUAL BACKGROUND

Our client adopted a dog, named Nala, from Furever Bully Love Rescue (hereinafter FBLR) on Aug. 5, 2021. Our client met a volunteer (who had no connection to FBLR) in Perry, Florida to pick Nala up. Our client then drove the dog to her home. The next day, while our client was gone, Nala got out the front door and is still, as far as my client is aware, missing.

After being notified that the dog had escaped, FBLR posted on Facebook statements claiming that our client stole Nala, then changed it to our client and her husband killed her (specifically beat, then shot her). FBLR then accused our clients of dismembering Nala's body and disposing of her parts around their property. There was a criminal investigation done, where no evidence had suggested that any of this alleged conduct was accurate. The remains found on our client's property were too decomposed to even tell what kind of animal it was, and our client's husband is a dedicated hunter. Our client's husband hunts deer when hunting season is open, and he regularly disposes of the deef carcasses in the woods on their property.

The bones that were found were deer bones. Despite having no evidence to the contrary, FBLR continues to post that the remains found were Nalas, and that the police were wrong. FBLR now has over 51,000 followers who continually harass our client regarding this incident. We can only imagine how many times it's been shared through social media. Our client was forced to leave her house to protect her children from those who were threatening their lives. Our clients have had

countless individuals threaten to hurt them and their family. The threats they receive are so gruesome they cannot be repeated.

After weeks of hiding from these people, our clients returned to their home. My client's husband had to leave his place of employment to stay home in case one of the people making the threats decided to follow through with their promise. Our client has been forced to drop college classes because her babysitter said she couldn't watch her daughter anymore. A lot of people in my client's small county of only 27,000 have seen these lies spread by FBLR, including lots of teachers at the school where her children attend. Our clients have only lived in this community for five years and their reputation there is ruined. My client's husband's boss no longer needs him when he decides to go back to work, and our client doesn't see herself getting many clients as an account labelled "dog murderer". Our client's kids are starting to hear other kids talking about them in little comments going around the school. FBLR has plastered our client's face all over social media, even when the criminal investigation cleared them of any wrongdoing.

## **DEFAMATION**

In Florida, a defamatory statement is one that **tends to harm the reputation of another by lowering him or her in the estimation of the community** or, more broadly stated, one that exposes a plaintiff to hatred, ridicule, or contempt or injures his business or reputation or occupation. Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1109 (Fla. 2008) (Emphasis added).

A cause of action for defamation accrues when the following events occur: (1) Publication to third parties (2) of a false statement of fact (3) with knowledge of the falsity, or, in the case of a private person, with negligent disregard as to the falsity (4) causing damage. Rapp at 1106.

Please note that under Florida law, a plaintiff need not prove actual damages and can sustain a claim of defamation based on "elements other than injury to reputation, such as personal humiliation and mental anguish and suffering." Rapp at 1110.

Your publication of these false posts on Facebook and other social media sites has caused damage to our client's reputation. These posts were made with the express intent of causing damage to our client. You will be found liable for not only the actual damages our client has suffered, but also for the humiliation and mental anguish this incident has caused her and her family.

Based on the foregoing, our client **demands an immediate retraction of any and all statements you've made regarding our client and the adoption of her dog Nala.** Further, our client **demands reasonable compensation for the harm caused to her based on your defamatory publication, as well as reimbursement for her attorney's fees in the amount of $550.00.** Finally, our client **demands that you cease and desist any further publication of defamatory remarks pertaining to our client or the adoption of Nala**.



**This demand will expire and be rescinded on 5:01pm on Thursday, September 30, 2021.**
If we do not receive a response prior to the expiration of the deadline, we will assume there is no interest in an early and amicable resolution, and we will take further action as necessary.

Please govern yourself accordingly.

_____
Geoffery L. Pfeiffer Jr., Esq.
**LOPEZ LAW GROUP**
Senior Counsel